IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA LATHAM,

        Petitioner,                        No.  2:12-cv-1932 GGH P

    vs.

T. VIRGA,

        Respondent.               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The parties have consented to the jurisdiction of the undersigned.  See docket # 4 & docket # 8.  By order filed on August 15, 2012, petitioner was directed either to submit the appropriate in forma pauperis affidavit or to pay the required $5.00 filing fee within thirty days.  See 28 U.S.C. §§ 1914(a); 1915(a).  Court records indicate that, on September 11, 2012, petitioner paid the filing fee, which discharges the fee obligation.

        In the August 15th order, the court also directed respondent to file a response, within thirty days, to petitioner's motion for a stay and abeyance.  On August 30, 2012, respondent filed a statement of non-opposition.  In light of that response, petitioner need not file a reply.

\\\\\

1

Petitioner challenges his 2009 conviction in Yolo County Superior Court for grossly negligent discharge of a firearm with a gang enhancement for which he was sentenced to a term of 22 years to life. Petition, p. 1. Petitioner therein raises four separate grounds: 1) jury verdict's factual inconsistency violates due process; 2) insufficient evidence for gang enhancement findings; 3) petitioner entitled to same relief as that afforded co-defendant for prejudicial juror misconduct; 4) ineffective assistance of appellate counsel. See Petition, pp. 4-5.

In his accompanying motion for a stay, petitioner concedes that ground one of his petition is not exhausted. See Motion to Stay, p. 3. Petitioner seeks a stay, pursuant to Rhines v. Webber, 544 U.S. 269, 277-38, 125 S.Ct. 1528, 1535 (2005), of his mixed petition for the purpose of exhausting his state court remedies as to ground one. Motion, pp. 1, 3. By his motion, petitioner expresses concern that the one-year statute of limitations under AEDPA will have expired prior to his receipt of a decision from the state Supreme Court as to his unexhausted claim. Motion, p. 3. A petitioner may file a "protective" petition in federal court asking the court for a stay and abeyance while he seeks exhaustion of state court remedies. Pace v. Diguglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807 (2005). Petitioner makes clear that his petition is a protective petition as to his exhausted claims, grounds two through four.

A district court has discretion, in limited circumstances, to grant a stay of a mixed petition – that is, a petition containing both exhausted and unexhausted claims – pending exhaustion of state court remedies. Rhines v. Webber, 544 U.S. 269, 125 S. Ct. 1528 (2005). Those limited circumstances include a showing: of good cause for a failure to have first exhausted the claims in state court; that the claim or claims at issue potentially have merit; and that there is no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S.Ct at 1535. In his motion, it is implicit that his unexhausted claim is already pending in the state courts; it may also logically be inferred that at the time of filing the instant federal petition, he was not yet at the end of the statutory limitation period. Thus, on the face of it, petitioner has not been intentionally dilatory in bringing his unexhausted

ground for relief.  Moreover, having been afforded an opportunity to challenge petitioner on the basis that he has not shown good cause for any failure to exhaust before filing in this court, that his unexhausted claim does not potentially have merit or that he has engaged in intentionally dilatory conduct in pursuing state court exhaustion as to ground one, respondent expressly does not object to a stay.  This court finds that respondent's statement of non-opposition to the motion is sufficient to satisfy the Rhines criteria in this instance.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner has discharged his filing fee obligation, pursuant to 28 U.S.C. § 1914(a);

2. Petitioner's July 23, 2012 (docket # 2), motion for a stay and abeyance under Rhines to exhaust state court remedies as to ground one, expressly unopposed by respondent, is granted;

3. The petition is stayed pending exhaustion of ground one; and

4. Petitioner is directed to inform the court within thirty days of the decision of the state Supreme Court regarding ground one.

DATED: September 13, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
lath1932.ord2